# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CLAYTON PLUMTREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-6635 |
| ) | |
| CITY OF NAPERVILLE and JASON ARRES, ) | Hon. Judge Pallmayer |
| police chief, in his official and ind. capacities, ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

## MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT IN LIEU OF RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COMES, Plaintiff, Clayton Plumtree, by and through his attorneys, Gianna R. Scatchell, Nicollette Haines, and Gabriela Kozlowski of Disparti Law Group, P.A., and moves this Honorable Court for leave to file his First Amended Complaint in lieu of responding to Defendants, City of Naperville, and Naperville Police Chief Jason Arres' Joint Motion to Dismiss for the reasons that follow:

1. Plumtree filed his Complaint on November 28, 2022, alleging various counts including violations of a due process violation (Count I), 42 USC §1983 Supervisory/Individual Liability against Defendant Arres (Count II); 42 USC §1983 *Monell* claim (Count III); Denial of Equal Protection (Count IV); Administrative Reivew (Count V); Defamation Per Se (Count VI); and Indemnification (Count VII). *See Dkt. 1*.

2. On, January 26, 2023, Defendants filed a Joint Motion to Dismiss alleging that Plaintiff failed to state a claim. *See Dkt. 12*.

3. Employment discrimination claims must adhere to a minimal pleading standard. See *Tamayo v. Blagojevich*, 526 F.3d 1084. A complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action

1

against the plaintiff on the basis of" a protected characteristic. *Id.* "A complaint need not allege all, or any, of the facts logically entailed by the claim, and it certainly need not include evidence." *Id.* (internal citations and quotations omitted); see also *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). In discussing Bell Atlantic, the Seventh Circuit held: "We [] have cautioned, however, that Bell Atlantic 'must not be overread.' The Seventh Circuit further noted, "Indeed, '[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8.'" *Id.* at 1081 (quoting Bennett, 153 F.3d at 519)).

4. Plaintiff agrees with Defendants' Motion to the extent that Count IV is not meritorious and that this Court cannot find Naperville's Board of Fire and Police Commission liable since it is a department within Defendant Naperville. Accordingly, Plaintiff voluntarily withdraws Count IV from his Proposed First Amended Complaint and also removes Naperville's Board of Fire and Police Commission as a defendant in the above-captioned matter.

5. Plaintiff realizes that the facts of this case are cumbersome and contradictory and requests an opportunity to clarify Defendants numerous unlawful policies, practices, and retaliation that all violate Illinois and federal law.

6. Plaintiff attaches the proposed First Amended Complaint to:
    a. Remove Count IV Equal Protection Claim;
    b. Remove the Naperville Board of Fire and Police Commission as a defendant;
    c. Clarify and provide more specific pleadings regarding Defendants' unlawful conduct;

d. provide more specificity to Plaintiff's claims;

   e. Plaintiff requests leave to add a claim for unlawful retaliation by Defendant Naperville.

7. To the extent that the First Amended Complaint amplifies the legal theories and applicable federal and state law under which Plumtree is proceeding, his amendment should be considered a more technical correction that clarifies the legal theories, laws, or lack of clarity relied upon by him.

8. Under Rule 15(a)(2), leave to amend should be given freely when justice so requires. See Fed. R. Civ. P. 15(a)(2). Leave to amend is only "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by allowing the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

9. This rule is generally construed liberally so long as the defendant has not been prejudiced by the amendment. Here, it cannot be said Defendants will be prejudiced by the amendment because Defendant is on notice of the basis of why Plumtree complains.

10. In addition, there has been no undue delay, bad faith, or dilatory motive by Plaintiff. This case is currently still in the pleading stage with Defendants having filed only a Motion to Dismiss less than one month ago.

11. Accordingly, Plaintiff requests that this Court grant its proposed First Amended Complaint in lieu of responding to Defendant's Motion to Dismiss. The proposed First Amended Complaint is attached hereto as Exhibit A (tracked changes) and Exhibit B (accepted changes).

WHEREFORE, Plaintiff, Clayton Plumtree ("Plaintiff") respectfully requests that this Court enter an order granting leave to file the attached First Amended Complaint and for such other relief that the Court deems just.

Respectfully submitted,

John Doe

s/ Gianna Scatchell
s/Nicollette Haines
s/ Ellie Kozlowski

Gianna R. Scatchell, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 330
F: (312) 846-6363
E: gia@dispartilaw.com

Nicollette Haines, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 334
F: (312) 846-6363
E: nicollette@dispartilaw.com

Gabriela Kozlowski, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 334
F: (312) 846-6363
E: ellie@dispartilaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing Complaint was filed on this Court's CM/ECF filing system on February 22, 2023 and that such counsels are all registered e-filers.

/s/ Gianna Scatchell
_____
One of Plaintiff's Attorneys