**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CLAYTON PLUMTREE, | |
| Plaintiff, | |
| v. | Case No: 1:22-cv-06635 |
| TOWN OF NAPERVILLE, ET. AL, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF, CLAYTON PLUMTREE'S RESPONSE IN OPPOSITION TO THE**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Clayton Plumtree, through his undersigned counsel, Arnett Law Group, LLC, respectfully submits his Response in Opposition to Defendants Rule 12(b)(6) Motion to Dismiss and Memorandum (Dkts. 39 and 40). For the reasons stated herein, Defendants' motion should be denied.

### I.       BACKGROUND

Plaintiff adopts the factual background of this Court's Opinion as it largely tracks Plaintiff's facts cited in his Third Amended Complaint ("TAC"). (Court's Memorandum Opinion, Dkt. 34).

### II.       LEGAL STANDARD – Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). At the motion to dismiss stage, the Court must accept as true the well-pleaded allegations of the complaint. *Lett v. City of Chicago*, 946 F.3d 398, 399 (7th Cir.

1

2020); *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 342 (7th Cir. 2018), and takes judicial

notice of the Village's ordinances, *see Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977).

All that is required is "a short and plain statement of the claim showing that the pleader is entitled

to relief." *Fed. R. Civ. P. 8(a)(2)*. Plaintiff is not required to present evidence in his complaint.

*Hunt v. Dart*, 07 C 6003, 2010 WL 300397, *4 (N.D. Ill. Jan. 22, 2010) ("Even after *Twombly* and

*Iqbal*, a plaintiff doesn't have to come forward with evidence to survive a motion to dismiss.").

The Court "offer[s] no opinion on the ultimate merits because further development of the record

may cast the facts in a light different from the complaint." *Cozzi v. Vill. of Melrose Park*, 592 F.

Supp. 3d 701, 705 (N.D. Ill. 2022).

### III.  ARGUMENT

**A. The Court should Deny the Defendants' Motion to Dismiss Counts I, III, IV, and VI because the Defendants' Argument Constitutes an Inappropriate Request for Reconsideration.**

This Court must deny the Defendants' Motion to Dismiss Counts I, III, IV, and VI because

the Defendants' arguments attempt to re-litigate their previously unsuccessful arguments that this

Court already adjudicated. (Dkt. 34); WRIGHT, A. MILLER, E. C. & E. G., 16 Federal Practice

and Procedure § 3950, at 364 n. 7 (1977)(Any motion challenging the procedural accuracy of a

district court's judgment is effectively a motion 'to alter or amend the judgment' under Civil Rule

59(e)). The scope of motions for reconsideration is narrowly defined. Ordinarily, a court will only

grant a motion for reconsideration to correct manifest errors of law or fact or to consider newly

discovered evidence that could not have been adduced during the pendency of the previous motion.

*Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987); *Kohl v. Murphy*, 767

F.Supp. 895, 904 (N.D. Ill. 1991). A manifest error "is not demonstrated by the disappointment of

the losing party," but "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

In the case at bar, Plaintiff has not altered the substance of Counts I, III, IV, or VI in his TAC. Furthermore, the Defendants have failed to demonstrate any legal or factual error, nor have they introduced any new evidence that was previously unavailable to them. Defendants' arguments largely reiterate those previously raised and denied by this Court. (Dkts. 23 and 34). A motion for reconsideration is not an opportunity to take a second bite at the apple and reargue issues already adjudicated by this Court. *Chicago Dist. Council of Carpenters Pension Fund v. Vacala Masonry, Inc.*, 967 F.Supp. 309, 313 (N.D. Ill. 1997). Therefore, the Plaintiff respectfully urges the Court to deny Defendants' arguments related to Counts I, III, IV, and VI as a veiled attempt at reconsideration. If the Court opts to examine these arguments, the Plaintiff relies on his argument in his Response in Opposition to Defendants' Motion to Dismiss his Second Amended Complaint (Dkt. 32), alongside this Court's opinion denying Defendants' Motion as to these counts. (Dkt. 34)

**B. This Court should Deny the Defendants' Motion to Dismiss Count II for Retaliatory Discharge because his Discharge Violated Clearly-Mandated Laws and/or Public Policies**

Even if Plumtree was properly terminated within his probationary period, and was an at-will employee, Defendants are liable for Count II – Retaliatory Discharge. An employer may fire an at-will employee for any or no reason. *Stebbings v. Univ. of Chicago*, 312 Ill. App. 3d 360, 365, 726 N.E.2d 1136, 1140 (1st Dist. 2000). Retaliatory discharge is a narrow exception to the at-will employment doctrine. *Id.* It attempts to balance the employers' interest in operating efficient businesses, the employee's interest in earning a livelihood, and society's interest in seeing its public policies carried out. *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 384 N.E.2d 353 (1978). This tort

prevents employers from firing employees for "any reason" when that the reason contravenes public policy. *Id.*

To establish a claim for retaliatory discharge, an employee must prove that: (1) he/she was terminated, (2) the termination was based upon the employee having engaged in protected activity, and (3) the termination violates a clear mandate of public policy. *Id.* Illinois courts have not clearly defined the term "public policy." *Palmateer v. Int'l Harvester Co.,* 421 N.E.2d 876, 878, 85 Ill. 2d 124, 52 Ill. Dec. 13 (1981). A clearly mandated public policy may be found in state and federal constitutions, statutes, and common law. To constitute a clearly mandated public policy, the "matter must strike at the heart of a citizen's social rights, duties, and responsibilities…." *Id.* at 878–79. Specifically, Illinois courts have found that clearly mandated public policy existed where (1) the discharge stems from asserting a worker's compensation claim or (2) the discharge is for "whistleblowing," i.e. reporting of illegal or improper conduct. *Sutherland v. Norfolk Southern Railway Co.*, 356 Ill.App.3d 620, 826 N.E.2d 1021 (2005) (citations omitted).

Despite Defendants' contention, Plaintiff cites to two different laws. First Plaintiff relies on 65 ILCS § 5/11-1-12[1] to illustrate that Defendants' quota policy was unlawful. TAC ¶ 26. Plaintiff also relies on the Illinois Attorney General's condemnation of quota-based policing. *Id.* ¶¶27-30; Accord *Ziccarelli v. Phillips*, No. 12 C 9602, 2013 WL 5387864, at *6 (N.D. Ill. Sept. 25, 2013), violations of criminal law; *Foley v. Cas Partners*, LLC, No. 09 C 6786, 2010 WL 960342, at *3 (N.D. Ill. Mar. 15, 2010); and for refusing to commit perjury; *Blount v. Stroud*, 904 N.E.2d 1, 9-11, 232 Ill. 2d 302, 328 Ill. Dec. 239 (2009).

---

[1] It is unlawful to require a police officer to issue a predetermined or specified number of traffic citations, and no police officer's performance evaluation should be predicated on the number of issued citations.

Plumtree was not required to plead any statute making ticket quotas illegal as there are enough strong public policy reasons against quota-based policing. *Wheeler v. Caterpillar Tractor Co.,* 108 Ill. 2d 502, 509, 485 N.E.2d 372, 376 (1985) (The *Wheeler* court's ruling was predicated on safeguarding citizens from radiation exposure, despite allegations that the machine's condition violated federal regulations, rather than focusing on crime prevention). First, traffic stop quotas can lead to the disproportionate targeting of specific demographic groups, potentially resulting in biased policing and discrimination. This could subject certain communities to unjustified surveillance and an increased likelihood of stops and citations. Second, traffic stop quotas shift the focus of law enforcement from ensuring public safety to meeting numerical targets. Third, implementing such quotas can erode the trust between law enforcement and the community. This mistrust can hinder effective law enforcement, as community cooperation is crucial in preventing and solving crimes. Fourth, quotas can strip officers of the ability to exercise discretion, leading to a more punitive and less flexible approach to law enforcement.

### C.  Plaintiff Voluntarily Withdraws Count V – Writ of Mandamus

### CONCLUSION

For the foregoing reasons, Plaintiff Clayton Plumtree respectfully requests that this Honorable Court deny the Defendants' Motion to Dismiss Counts I, III, V, and VI as an improper attempt to reconsider this Court's Opinion (Dkt, 34) and deny the Defendants' Motion as to Count II.

Respectfully submitted,

Clayton Plumtree

/s/ Gianna Basile

By:_____

Gianna Basile, Esq.
ARNETT LAW GROUP, LLC
223 W. Jackson Blvd., Ste. 750
Chicago, Illinois 60606
P: (312) 561-5674
F: (312) 561-5699
E: gbasile@arnettlawgroup.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing Complaint was filed on this Court's

CM/ECF filing system on January 23, 2024, and that such counsels are all registered e-filers.

/s/ Gianna Basile

_____

6